# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SANDRA M. SCHUMPERT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-288

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 10. At issue is whether the Administrative Law Judge ("ALJ") erred in a decision issued on January 19, 2016 by finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (docs. 6, 7),[1] and the record as a whole.

## I.

### A.     Procedural History

Plaintiff filed for DIB alleging a disability onset date of February 19, 2007. PageID 305-07. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cervical spine degenerative disc disease, bilateral osteoarthritis of the knees, lumbar spine

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative disc disease, irritable bowel syndrome, residuals of right shoulder injury and corrective surgery, affective (depressive) disorder, and anxiety. PageID 1980.

After an initial denial of her application, Plaintiff received a hearing before ALJ Janice M. Bruning on April 20, 2010. PageID 123-41. ALJ Bruning issued a decision on September 7, 2010 finding Plaintiff not disabled. PageID 148-57. Specifically, ALJ Bruning found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 153-57. The Appeals Council granted Plaintiff's request for review, vacated ALJ Bruning's non-disability finding, and remanded the case for further proceedings. PageID 165-69.

On remand from the Appeals Council, Plaintiff received a hearing before ALJ Amelia G. Lombardo on June 14, 2013. PageID 102-22. ALJ Lombardo issued a decision on July 12, 2013 finding Plaintiff not disabled. PageID 71-90. Specifically, ALJ Lombardo found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work,[3] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 82-90.

Thereafter, the Appeals Council denied Plaintiff's request for a review of ALJ Lombardo's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 53-55. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). On appeal to this Court, Judge Rose granted the parties' joint stipulation to remand to the

---

[2] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

[3] "Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.*

Commissioner, thereby reversing ALJ Lombardo's non-disability finding and remanding the case to the Commissioner for additional administrative proceedings. PageID 2113.

On remand from this Court, Plaintiff received a hearing before ALJ Eric Anschuetz on November 17, 2015. PageID 2055-2104. ALJ Anschuetz issued a decision on January 19, 2016 finding Plaintiff not disabled. PageID 1976-99. Specifically, ALJ Anschuetz found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work, "there [are] jobs that exist in significant numbers in the national economy that [he can] perform[.]" PageID 1990-99.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Anschuetz's non-disability finding the final administrative decision of the Commissioner. PageID 1965-67. *See Casey*, 987 F.2d at 1233. Plaintiff then filed this timely appeal challenging the non-disability finding by ALJ Anschuetz (hereafter, "ALJ"). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 1976-99), Plaintiff's Statement of Errors (doc. 13) the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

The medical opinion evidence of record includes, *inter alia*, opinions from a number of treating sources, namely: treating psychiatrists Cheng T. Pan, M.D. and Rafay Atiq, M.D.[4]; treating physicians Barbara A. Hill, M.D. and James Hoover, M.D.; and treating pain management specialist Lita Mathai, M.D. PageID 1078-83, 1236-42, 1251-52, 1678-82, 1807-11, 1812-14. The record also contains opinions from examining psychologist Alan Boerger, Ph.D.; record reviewing physicians Teresita Cruz, M.D. and William Bolz, M.D.; and record reviewing psychologist Karen Terry, Ph.D. PageID 734-41, 1084-1102.

Plaintiff argues that the ALJ erred by: (1) improperly weighing certain medical opinion evidence; and (2) failing to properly apply principles of *res judicata*. Doc. 13 at PageID 2411-21.

---

[4] Dr. Atiq's opinion was co-authored with Plaintiff's treating therapist, Lynne Workman, MS, LPCC. PageID 1236-62. The remand order from the Appeals court indicated ALJ Bruning inadequately evaluated this joint opinion because, in assigning it "little weight," his only explanation was that Ms. Workman was not a recognized acceptable source. PageID 155. While mental health therapists are not included among the acceptable sources of medical evidence, *see* 20 § 404.1513, this opinion was co-authored by Dr. Atiq, an acceptable source. Therefore the reasoning ALJ Bruning provided was insufficient to explain the weight assigned. PageID 165-69. As a result, the joint opinion is from a treating source and is entitled to review under 20 C.F.R. § 404.1527(c)(2).

5

Finding error in the ALJ's analysis of Drs. Pan, Atiq, Cruz, and Bolz, the undersigned does not reach the merits of Plaintiff's res judicata argument or other alleges errors.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

### A.     Dr. Pan and Dr. Atiq

The ALJ concluded that the joint opinion by Dr. Atiq was entitled to "no weight" and the opinion by Dr. Pan was entitled to "little weight." PageID 1986-87. In so concluding, the ALJ found that these opinions were "neither well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record. The extent of impairment described could only be based on critical acceptance of [Plaintiff's] subjective pain complaints - which are largely lacking adequate foundation in medical treatment records." PageID 1987.

The ALJ's statement in this regard fails to satisfy the requirements of the treating physician rule set forth in 20 C.F.R. § 404.1527(c). *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). The ALJ's conclusory statement -- that these opinions are not "well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other

7

substantial evidence in the case record[,]" PageID 1987 -- is ambiguous because "[o]ne cannot determine whether the purported problem is that the opinions rely on findings that are not objective (*i.e.*, that are not the result of medically acceptable clinical and laboratory diagnostic techniques, *see* 20 C.F.R. § 404.1527(c)(2)), or that the findings are sufficiently objective but do not support the content of the opinions." *Gayheart*, 710 F.3d at 377.

Further, insofar as the ALJ may have concluded that the record was devoid of any clinical findings,[6] such conclusion is unsupported by substantial evidence. First, records from Drs. Pan and Atiq note objective clinical signs supportive of these opinions, undermining the ALJ's assumption that these opinions were supported only by an uncritical acceptance of Plaintiff's subjective complaints. On mental status examination, Drs. Pan and Atiq found that Plaintiff presented with poor memory, difficulty thinking and concentrating, decreased energy, and a cautious and passive attitude, and also displayed a flat, anxious and depressed mood/affect. PageID 1236-42, 1812-14. Based upon such findings, the ALJ's conclusion -- that these opinions "could be based on uncritical acceptance" of Plaintiff's subjective complaints -- is contrary to the record and, thus, unsupported by substantial evidence. *Accord Kiser v. Comm'r of Soc. Sec.*, Case No. 3:16-cv-317, 2017 U.S. Dist. LEXIS 158339, *9-10 (S.D. Ohio Sept. 27, 2017).

### B.  Drs. Cruz and Bolz

Rather than rely on treating physicians Hill and Hoover, the ALJ relied instead on the opinions of two record reviewers -- Drs. Cruz and Bolz -- in assessing Plaintiff's physical limitations. *See* PageID 734-41, 1102. The opinions by Drs. Cruz and Bolz were written on July 3, 2007 and December 24, 2007, respectively. *Id.* The ALJ stated "on purely concrete grounds

---

[6] With regard to clinical findings of a mental impairment, the Sixth Circuit has "acknowledged the difficulty inherent in proving psychological disabilities." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). "'[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.'" *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)).

8

(*i.e.*, based on objective medical evidence and clinical findings)," these opinions are entitled "great weight (in most respects)." PageID 1992. The ALJ provided no further explanation regarding how objective evidence of record supports these opinions.

This Court, on a number of occasions, has concluded that such conclusory analysis of record reviewing opinions amounts to reversible error. *See Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp.3d 577, 584 (S.D. Ohio 2015); *Marks v. Colvin*, 201 F. Supp.3d 870, 884 (S.D. Ohio 2016); *Laning v. Comm'r of Soc. Sec.*, No. 3:15-CV-75, 2016 WL 1729650, at *6 (S.D. Ohio Mar. 28, 2016); *Boyd v. Comm'r of Soc. Sec.*, No. 3:16-CV-477, 2018 WL 300174, at *3 (S.D. Ohio Jan. 5, 2018); *Marshall v. Comm'r of Soc. Sec.*, No. 3:16-CV-190, 2017 WL 4324763, at *4 (S.D. Ohio Sept. 29, 2017); *Boyd v. Comm'r of Soc. Sec.*, No. 3:16-CV-506, 2018 WL 739103, at *4 (S.D. Ohio Feb. 7, 2018); *Dowell v. Comm'r of Soc. Sec.*, No. 3:16-CV-451, 2018 WL 671340, at *4 (S.D. Ohio Feb. 2, 2018); *Logan v. Comm'r of Soc. Sec.*, No. 3:16-CV-480, 2018 WL 300175, at *4 (S.D. Ohio Jan. 5, 2018); *Worden v. Comm'r of Soc. Sec.*, No. 3:14-CV-438, 2016 WL 860694, at *6 (S.D. Ohio Mar. 7, 2016); *Hale v. Comm'r of Soc. Sec.*, No. 3:15-CV-360, 2017 WL 1190543, at *8 (S.D. Ohio Mar. 30, 2017); *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017). Consistent with the foregoing authority, the undersigned finds the ALJ's analysis of opinions by the two record reviewers (Drs. Cruz and Bolz) unsupported by substantial evidence. This serves as an independent basis meriting reversal.

In addition, the opinions by Drs. Cruz and Bolz were written in 2007 while treating source opinions were written in 2012. PageID 1078-83, 1236-42, 1251-52, 1678-82, 1807-11, 1812-14. While opinions of record reviewers "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[,]" the record []reviewer must generally have had "access to the entire body of medical evidence." *Kaylor v. Astrue*, No. 08-415-GWU, 2009 WL 2473630 at *5 (E.D. Ky. Aug. 11, 2009); *see also Ward v. Astrue*, No. 09-199-GWU,

2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010). In reviewing the arguments presented by the parties, the undersigned agrees with Plaintiff that the ALJ erred in relying on the opinions of non-examining sources who did not review the complete record, including numerous objective imaging findings. As set forth above, Drs. Cruz, Bolz, and Terry -- upon whom the ALJ relied in determining the RFC -- did not review the entire body of medical evidence, and specifically, the extensive objective imaging findings relied upon by Drs. Pan, Atiq, Hill, Hoover, and Mathai. PageID 1078-83, 1236-42, 1251-52, 1678-82, 1807-11, 1812-14.

Here, the treating source opinions are consistent and not contradicted by any medical source that has reviewed a significant part of the record. Therefore the only medical opinions remaining are those of treating sources Drs. Pan, Atiq, M.D, Hill, Hoover, and Mathai which are indicative of disability. *Id.* Therefore, an immediate award of benefits is appropriate.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, evidence of disability is overwhelming. Plaintiff's disability is shown by the consistent and supported disabling opinions of treaters Atiq, Pan, Hill, Hoover, and Mathai -- opinions which are entitled to deferential, if not controlling, weight. Evidence to the contrary, *i.e.*,

the opinion of record-reviewers Cruz, Bolz, and Terry is based upon a records review of an incomplete record, not a physical examination. Accordingly, because the evidence overwhelmingly demonstrates Plaintiff's disability, this case must be remanded for an immediate award of benefits. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14-CV-224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15-CV-367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), report and recommendation adopted sub nom. *Washington v. Colvin*, No. 3:15-CV-367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016). Additionally, given the extensive procedural history of this case, another remand will only serve to unnecessarily delay the ultimate outcome here -- a disability finding.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  May 7, 2018              s/ Michael J. Newman
                                                                                    Michael J. Newman
                                                                                    United States Magistrate Judge